

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00547-CV

Rosemarie F. **O'KEEFE** and Thomas Revard Thiel,
Appellants

v.

Mary Martha Meek **MCNELIS** and Sean Brandon McNelis,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-02904
Honorable Barbara Hanson Nellermoe, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  January 14, 2015

DISMISSED

On February 7, 2014, we abated this appeal based on proof that appellant Rosemarie F. O'Keefe had filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, Case No. 13-53084-RBK, styled *In re Rosemarie F. O'Keefe*. The appeal and all appellate time periods were suspended from the date the bankruptcy petition was filed, and the appeal was closed for administrative purposes pending a request for reinstatement or severance. TEX. R. APP. P. 8.2, 8.3. On October 9, 2014, appellees filed a "Motion to Dismiss" the appeal based on the bankruptcy court's order signed on October

8, 2014 denying appellant O'Keefe's discharge in bankruptcy and declaring her debts to appellees non-dischargeable, thereby rendering this appeal moot. We denied the motion to dismiss because appellees failed to attach a certified copy of the bankruptcy court's order as required by Rule 8.3(a). TEX. R. APP. P. 8.3(a).

Appellees have since filed a motion to reconsider which contains a certified copy of the bankruptcy court's "Judgment Denying Debtor's Discharge and Declaring Debts NonDischargeable" signed on October 8, 2014, stating in relevant part that debtor O'Keefe is denied discharge under 11 U.S.C. § 727(a)(4)(A) and that the debts and obligations owed by O'Keefe to appellees pursuant to the parties' Agreed Final Judgment entered of record on October 14, 2013 in the underlying trial court proceeding, Cause No. 2013-CI-02904, are not dischargeable under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523 (a)(6) and that appellees are entitled to enforce such debts and obligations through specific performance. Appellees have also attached the bankruptcy court's findings of fact and conclusions of law entered on the record in support of the judgment which state that the court denied O'Keefe a discharge under section 727(a)(4) for making a false oath and found that O'Keefe's debt was nondischargeable under sections 523(a)(2)(A) and 523(a)(6) for willful and malicious conduct.

Having been provided with the bankruptcy court's certified judgment and written findings, and having received no response in opposition from appellants, we grant appellees' request to reinstate the appeal pursuant to Rule 8.3(a) and further grant appellees' request to dismiss the appeal. *See* TEX. R. APP. P. 8.3(a), 43.2(f).

PER CURIAM